IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Robert Hoff, )
 )
       Plaintiff, )
 )
vs. )   Civil Action No.: 4:06-02138-TLW-TER
 )
Officer C. Davis, )
 )
       Defendant. )
_____)

# ORDER

On January 6, 2009, this Court entered an Order which granted the defendant's motion for summary judgment. (Doc. # 44). On December 2, 2009, Plaintiff filed a motion for reconsideration. (Doc. # 50).

**A. MOTION FOR RECONSIDERATION**

Pursuant to Rule 59 of the Federal Rules of Civil Procedure a party may request the Court to alter or amend a judgment. In the instant case, Plaintiff requests relief from the Court's Order granting the defendant's motion for summary judgment. (Doc. # 44). Generally, whether to alter or amend is a decision left to the discretion of the trial judge, and a liberal standard applies. Minton v. National Ass'n of Secs. Dealers, Inc., 336 F.3d 1373, 1379 (5th Cir.2003). However, this liberal discretion standard does not apply to Rule 59(e) motions seeking review of a grant of summary judgment; as to those motions, a *de novo* standard applies. Cockrel v. Shelby County Sch. Dist., 270 F.3d 1036, 1047 (6th Cir.2001).

Pursuant to Rule 59(e):

1

> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Federal Rules of Civil Procedure, Rule 59(e).

In the instant case, Plaintiff filed his motion to reconsider well outside the 28 day period. The Order was issued on January 6, 2009 and entered by the Clerk on January 7, 2009. (Doc.'s # 44 and 45). Plaintiff filed a motion to reconsider on December 2, 2009. (Doc. # 50). As such the motion was not filed within the allowable time frame. Therefore, the Court will not consider the motion pursuant to Rule 59 of the Federal Rules of Civil Procedure. The Court will, however, consider the motion pursuant to Rule 60(b), "Relief from a Judgment or Order," of the Federal Rules of Civil Procedure. Rule 60(b) provides in part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir.2002). Whether to grant relief under Rule 60(b) is

left to the discretion of the trial court, and will not be disturbed on appeal unless that discretion has been abused. Id.

Based upon the undersigned's review of this case, the undersigned concludes that Plaintiff has not met his burden of showing exceptional circumstances warranting relief pursuant to Federal Rule of Civil Procedure 60. Morever, Plaintiff has failed to provide the Court with any new facts, evidence, or legal arguments which would justify granting a motion for relief from judgment. Plaintiff states that his assigned counsel, Gary White, was suspended for six months in May 12, 2008. He states that new counsel, Irby Walker, began representation in July 2008. According to Plaintiff, Mr. Walker was arrested on September 17, 2009. The Order dismissing Plaintiff's case, on the merits, was entered January 6, 2009, before the cited arrest date. Therefore, Mr. Walker's ability to represent his client would not have been impeded by his arrest.[1] Moreover, a response to the motion for summary judgment was due by May 9, 2008. In light of the events surrounding the plaintiff's first choice of counsel, on October 30, 2008, this Court entered an Order giving Plaintiff an additional 45 days from the date of the Order to respond. (Doc. # 40). This notice was mailed directly to Plaintiff. No response was filed. For these reasons, Plaintiff's motion for reconsideration is hereby **DENIED**. (Doc. # 50).

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

---

[1] Plaintiff also argues that he asked his attorney, Mr. Walker, to file a Motion for Reconsideration after this Court dismissed the case. Again, this Court reached its decision on January 6, 2009. There was no immediate impediment to Mr. Walker's ability to file a motion to reconsider under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

January 15, 2010
Florence, South Carolina